[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14354
Non-Argument Calendar

_____

D. C. Docket No. 05-00045-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2008)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

On October 19, 2005, a Northern District of Georgia grand jury returned a

forty-nine count indictment against Nathan Parker and eleven others.[1]  The indictment was the culmination of an investigation into a scheme to commit mortgage fraud by (1) purchasing houses, inflating their value through bogus appraisals, and selling them to straw buyers, and (2) brokering or participating in the sale of property at an inflated value, which, in turn, gave the defendants inflated profits.  The defendants executed their scheme by using false documents and presenting lending institutions false information to induce them to make loans to the buyers, many of whom were straw buyers.  Parker used his position as a loan officer with a mortgage company located in metropolitan Atlanta to make the scheme work.

On April 13, 2007, Parker, having entered into a plea agreement with the Government, pled guilty to the Count Three conspiracy offense and the Counts Five and Thirteen wire fraud offenses.  The district court sentenced Parker on August 24, 2007, to prison terms of 60 months on Count Three, 55 months on Count Five, to run consecutively to the Count Three term, and 55 months on Count Thirteen, to run concurrently with the Count Five term.

---

[1]  Counts One through Four charged the defendants with conspiracy to commit mail fraud, wire fraud, bank fraud, fraudulent use of social security numbers, and money laundering. Counts Five through Fifteen alleged wire fraud offenses; Counts Sixteen through Twenty-Eight alleged mail fraud offenses; Counts Twenty-Nine through Thirty-Two alleged bank fraud offenses; Counts Thirty-Three through Thirty-Eight alleged fraudulent use of social security numbers; and Counts Thirty-Nine through Forty-Nine alleged money laundering.

Parker now appeals his sentences, claiming that the Government breached the plea agreement at sentencing by recommending that the court impose sentences above the bottom of the Guidelines sentence range. The breach occurred in two ways: (1) the Government improperly informed the court that it was not bound by the plea agreement because Parker had breached the agreement, and (2) the Government recommended a sentence at the "low end" of the Guidelines sentence range, rather than the "lowest end" as provided in the plea agreement.

Parker did not bring these points to the district court's attention at sentencing. Therefore, absent plain error, we will not disturb his sentences. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). To establish plain error, Parker must convince us that (1) error occurred, (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding. In most cases, for an error to affect the defendant's substantial rights, the error had to have been prejudicial. That is, the error must have affected the outcome of the sentencing proceeding. Id.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. Furthermore, whether the government violated the agreement is judged according

3

to the defendant's reasonable understanding at the time he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (citations and quotations omitted).

Where we conclude that the government breached the plea agreement by making an improper recommendation at sentencing, we can "leave the guilty plea intact and remand the case for resentencing before a different judge," or permit the defendant to withdraw the plea. Taylor, 77 F.3d at 371-72.

The Government did not breach the plea agreement in this case; hence, no error, much less plain error, occurred. The agreement did not forbid the Government from informing the district court that, in the Government's view, Parker had violated the terms of the agreement and consequently had released the Government from its obligation as to make the sentencing recommendation Parker says the agreement called for. Moreover, a sentence package at the "low end" of the Guidelines sentence range is synonymous with one at the "lowest end" of the range, or the "bottom" of the range. Put another way, the "low end" of the Guidelines sentence range is simply the lowest possible sentence within that range. See, e.g., United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007); United States v. Orisnord, 483 F.3d 1169, 1183 (11th Cir.), cert. denied, 128 S.Ct. 673 (2007); United States v. Thomas, 446 F.3d 1348, 1356 (11th Cir. 2006).

Parker's sentences are, accordingly,

**AFFIRMED**.